UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

ROBIN MOORE                                                                                  PETITIONER

v.                                                                CIVIL ACTION NO. 3:18-CV-164-JRW-RSE

JAMES DAVID GREEN                                                                      RESPONDENT

## ORDER

1. The Court **DENIES** Robin Moore's motion for appointed counsel (DN 28).

2. The Court **ADOPTS** the Report and Recommendation (DN 32) in full.

3. The Court **OVERRULES** Moore's Objections (DN 35).

4. The Court **DENIES** a certificate of appealability.

5. The Court **DISMISSES** Moore's amended habeas petition (DN 20), with prejudice.

## MEMORANDUM OPINION

Moore, who is white, murdered seventeen-year-old Charles Eldridge, who was African American. During jury selection in his state court trial, Moore tried to peremptorily strike four of the six potential jurors who were African American. The prosecutor made four "reverse-*Batson*" challenges.[1] Moore said Juror 24, an African American woman, should be struck because she had a relative who had been previously prosecuted by the same office now prosecuting him.

The trial judge sustained the prosecutor's objection to striking Juror 24. Juror 24 became a juror and later the foreperson. The jury convicted Moore of murder, tampering with evidence, and possessing a firearm as a convicted felon. The Supreme Court of Kentucky found that the trial

---

[1] *See Georgia v. McCollum*, 505 U.S. 40 (1992).

judge did not clearly err in sustaining the prosecutor's reverse-*Batson* challenge of Juror 24 and affirmed his convictions.[2]

As the magistrate judge correctly concluded, Moore isn't entitled to any relief in this Court.[3]

Consider the trial judge's decision in context. The prosecutor accused Moore, a 51-year-old white man, of murdering Eldridge, an African American teenager. Moore tried to strike four of the six potential African American jurors. The only race-neutral reason Moore's lawyer gave for striking Juror 24 was that she had a relative who had been previously prosecuted by the same office accusing Moore of murder.[4]

As the Supreme Court of Kentucky pointed out, it is usually prosecutors who move to strike jurors because their relatives have had previous run-ins with the law.[5] It is highly unusual – if not unheard of – for **defendants** to want those individuals out of the jury pool.[6] In that context, the trial judge evaluated the only race-neutral explanation Moore's lawyer gave for striking Juror 24 with skepticism: "I don't hear a good reason."[7]

Review of a trial court's *Batson* decision – or reverse-*Batson* decision – is necessarily deferential. It's the trial judge, and the trial judge alone, who is best positioned to decide whether the person in front of her is telling the truth. And it wasn't clear error for the trial judge to see pretext when he concluded Moore's lawyer wasn't candid about his reason for striking an African American juror who could help decide the fate of his white client accused of murdering an African

---

[2] *Moore v. Commonwealth*, 2013 WL 1790303 *4-*6, *10 (Ky. 2013).
[3] DN 32.
[4] 2013 WL 1790303 at *6.
[5] *Id.* at *6 n.2.
[6] *Id.*
[7] *Id.* at *6.

American victim – not when the defense lawyer's supposed reason was the reason why the **prosecution** would want to strike the juror.

Of course, this Court reviews the Kentucky Supreme Court's decision under the Anti-Terrorism and Effective Death Penalty Act's standard of review. And since the Kentucky Supreme Court reviewed the trial court's decision for clear error, the review here is deference piled on top of deference. When the Kentucky Supreme Court found no clear error, it did not contradict or unreasonably apply "clearly established Federal law, as determined by the Supreme Court of the United States."[8] Nor was its decision based "on an unreasonable determination of the facts in light of the evidence presented" at trial.[9]

Because this isn't a close case, neither due process nor the interests of justice entitle Moore to an appointed lawyer.[10] And because no reasonable judge would debate these questions, Moore is not entitled to a Certificate of Appealability either.[11]

Justin R Walker, District Judge
United States District Court

May 21, 2020

---

[8] 28 U.S.C. § 2254(d)(1).
[9] 28 U.S.C. § 2254(d)(2).
[10] DN 32 at #741-43.
[11] *See Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000); *see also*, *Moody v. United States*, --- F.3d ----, 2020 WL 2190766 *1, No. 19-5015 (6th Cir. May 6, 2020) (Thapar, J.) ("In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect.").